**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23537-CIV-DAMIAN**

**YASNIEL OLIVA-SIERRA,**

      Petitioner,

v.

**ASSISTANT FIELD OFFICE DIRECTOR,**

      Respondent.

_____/

**ORDER ON PETITION FOR WRIT OF _HABEAS CORPUS_**

**THIS CAUSE** is before the Court on Petitioner, Yasniel Oliva-Sierra's ("Petitioner"),

Petition for Writ of _Habeas Corpus_ pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"),

filed May 19, 2026. On May 26, 2026, this Court entered an Order to Show Cause [ECF No.

4], directing Respondent to respond to the Petition. Respondent filed a Response to the Order

to Show Cause [ECF No. 6] on June 5, 2026.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities,

and the pertinent portions of the record and is otherwise fully advised.

### I.      BACKGROUND

The background relevant to Petitioner's immigration status and removal proceedings

is set forth in the parties' submissions. _See generally_ Pet., Resp.

Petitioner, Yasniel Oliva-Sierra, is a native and citizen of Cuba. Resp. at Exh. A, Form

I-213, Record of Deportable/Inadmissible Alien (dated Oct. 31, 2025); _see also_ Resp. at Exh.

B, Form I-213 (dated Feb. 8, 2021). On February 7, 2021, United States Border Patrol agents

encountered Petitioner in Otay Mesa, California, after determining that he was present in the

United States without valid immigration documents authorizing his admission or presence. Resp. at Exh. B.

On March 8, 2021, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as inadmissible pursuant to sections 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. Resp. at Exh. C, Notice to Appear. The Notice to Appear was filed with the Immigration Court on March 16, 2021, thereby commencing removal proceedings. *Id.* At a master calendar hearing held on April 12, 2021, Petitioner admitted the factual allegations and conceded the charges of inadmissibility, and the Immigration Judge sustained the charges and designated Cuba as the country of removal. Resp. at Exh. D, Declaration of Deportation Officer Lauciello. On April 21, 2021, Petitioner was released from immigration custody on parole pursuant to 8 U.S.C. § 1182(d)(5). Resp. at Exh. E, Detention History.

Petitioner thereafter sustained several state criminal convictions. On August 2, 2022, in Monroe County, Florida, Petitioner was convicted of petit theft, failure to display a registered license plate, and failure to register a motor vehicle. Resp. at Composite Exh. F. On October 30, 2025, Petitioner was again arrested in Monroe County, this time for escape. Resp. at Composite Exh. G. Following that arrest, Immigration and Customs Enforcement lodged an immigration detainer against Petitioner. Resp. at Exh. A; Resp. at Exh. H, Form I-247A, Immigration Detainer—Notice of Action.

After Petitioner completed his state sentence on the escape conviction, he was transferred into Immigration and Customs Enforcement ("ICE") custody pursuant to the immigration detainer. Resp. at Exh. E; Resp. at Exh. I, Form I-200, Warrant for Arrest of Alien. ICE thereafter notified the Executive Office for Immigration Review that Petitioner's

removal proceedings should be transferred to the Immigration Court at the Krome North Service Processing Center. Resp. at Exh. J, Form I-830.

On April 9, 2026, Petitioner appeared before an Immigration Judge, who entered a final order of removal directing Petitioner's removal to Cuba. Resp. at Exh. K, Order of the Immigration Judge (dated Apr. 9, 2026). Petitioner waived his right to appeal, rendering the removal order administratively final. *Id.*

On May 13, 2026, Cuban authorities declined to accept Petitioner's repatriation. Resp. at Exh. D. Respondent represents that ICE thereafter initiated efforts to remove Petitioner to Mexico. *Id.* On June 4, 2026, ICE served Petitioner with a Notice of Removal advising that ICE intended to effectuate his removal to Mexico, together with a Warning for Failure to Depart and a Notice of Failure to Comply pursuant to 8 C.F.R. § 241.4(g). Resp. at Exhs. L–N. Petitioner refused to sign those documents. *Id.* Petitioner remains detained at the Krome North Service Processing Center pending execution of his final order of removal. Resp. at Exh. E.

In the Petition, Petitioner challenges his continued immigration detention following the entry of a final order of removal. Petitioner contends that the revocation of his prior release and continued detention violate the Due Process Clause because the Government may not detain a noncitizen indefinitely where removal is not significantly likely to occur in the reasonably foreseeable future. Petitioner further asserts that his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requests release from immigration custody. Pet. at 6–8.

Respondent opposes the Petition, arguing that Petitioner's detention is authorized under 8 U.S.C. § 1231 because he is subject to a final order of removal. Respondent maintains that the Petition is premature under *Zadvydas* because Petitioner had not been detained pursuant to a final removal order for six months when he filed the Petition and has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. Respondent further represents that ICE continues to pursue Petitioner's removal, including efforts to remove Petitioner to Mexico after Cuba declined repatriation. Accordingly, Respondent contends that Petitioner's continued detention remains lawful and that the Petition should be denied. Resp. at 1–11.

## II.   DISCUSSION

### A.  *Petitioner's Detention Is Governed by the Post-Removal Detention Framework.*

As an initial matter, the parties do not dispute that an Immigration Judge entered a final order of removal against Petitioner on April 9, 2026, and that Petitioner waived his right to appeal that order to the Board of Immigration Appeals. Because no administrative appeal was taken, the removal order became administratively final. Accordingly, Petitioner's detention is governed by the post-removal detention provisions of 8 U.S.C. § 1231 rather than the pre-removal detention provisions of 8 U.S.C. §§ 1225 or 1226. *See* 8 U.S.C. § 1101(a)(47)(B); 8 U.S.C. § 1231(a)(1)(B)(i).

Once a removal order becomes administratively final, the DHS must remove the noncitizen during the statutory removal period and is authorized to continue detention under 8 U.S.C. § 1231(a)(6) where removal has not yet been effectuated. The Supreme Court has held that § 1231(a)(6) contains an implicit reasonableness limitation and does not authorize

indefinite detention. Rather, detention is permitted for a period reasonably necessary to accomplish removal. *Zadvydas*, 533 U.S. 678 at 689–701.

### B. Petitioner's Challenge Under Zadvydas Is Premature.

Petitioner principally argues that his continued detention violates the Due Process Clause because removal is allegedly not reasonably foreseeable and because noncitizens may not be detained indefinitely. Those arguments are premature on the present record.

In *Zadvydas*, the Supreme Court recognized six months as the presumptively reasonable period of post-removal-order detention. Only after that six-month period has elapsed and the petitioner first provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future does the burden shift to the Government. *Zadvydas*, 533 U.S. 678 at 701. The Eleventh Circuit has likewise explained that, to state a claim under *Zadvydas*, a petitioner must both demonstrate post-removal-order detention exceeding six months and present evidence establishing a good reason to believe removal is not significantly likely in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Neither prerequisite is satisfied here. Petitioner filed the instant Petition on May 19, 2026, approximately forty days after his April 9, 2026 final order of removal. Thus, when this action commenced, Petitioner had been detained pursuant to a final order of removal for substantially less than the six-month presumptively reasonable period recognized in *Zadvydas.*

Moreover, Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. Although the record reflects that Cuba declined repatriation in May 2026, Respondent represents that ICE has continued efforts to effectuate removal by seeking Petitioner's removal to Mexico. ICE has also continued processing

Petitioner's removal by serving him with a Notice of Removal and related documents concerning his obligation to cooperate with removal efforts. Those ongoing removal efforts distinguish this case from the indefinite detention addressed in *Zadvydas* and demonstrate that removal efforts remain active.

Accordingly, Petitioner has failed to satisfy his initial burden under *Zadvydas*, and his challenge to his continued detention is premature.

### C. Petitioner Has Not Demonstrated That His Continued Detention Violates the Constitution.

Petitioner also generally contends that his detention violates due process because he was returned to immigration custody after the revocation of his prior release.

That argument is likewise unavailing. A writ of habeas corpus under 28 U.S.C. § 2241 is available only when a petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The Court's jurisdiction extends to immigration detention challenges. *Zadvydas*, 533 U.S. 678 at 687.

Here, Petitioner is detained pursuant to the express authority of 8 U.S.C. § 1231 following the entry of a final order of removal. Because Petitioner's detention remains well within the presumptively reasonable six-month period recognized in *Zadvydas*, and because the record reflects that Respondent continues to pursue Petitioner's removal, Petitioner has not established that his detention has become indefinite or otherwise unauthorized by statute. To the contrary, the detention remains reasonably related to the Government's ongoing efforts to execute the final order of removal.

Accordingly, Petitioner has not demonstrated that his detention violates either the Immigration and Nationality Act or the Due Process Clause, and the Petition must therefore be denied.

### D.  The Court Need Not Reach Respondent's Alternative Jurisdictional Argument.

Respondent also argues that this Court lacks jurisdiction over Petitioner's claims pursuant to 8 U.S.C. § 1252(g). Because this Court concludes that the Petition fails on the merits under the governing framework set forth in *Zadvydas*, it is not necessary to determine whether § 1252(g) independently bars judicial review of Petitioner's claims. Accordingly, this Court declines to address Respondent's alternative jurisdictional argument.

### III.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner, Yasniel Oliva-Sierra's, Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DENIED**.

The Clerk of Court is **DIRECTED** to **CLOSE** this case.

 **DONE AND ORDERED** in Chambers in the Southern District of Florida, this 10th day of July, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**